LeBLANC, Judge.
This case involves several claims for damages based on a variety of state law theories and a claim for damages pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The issue presented for review is whether civil RICO jurisdiction is exclusively federal or concurrent with the states. We hold that state courts do have concurrent jurisdiction over civil RICO claims.
Plaintiff, Devoe Napco Protective Coatings, Division of Grow Group, Inc. (Devoe), filed suit against defendants, Surface Preparation and Coating Enterprises, Incorporated a/k/a Space, Inc. (Space) and Luis J. Gonzalez seeking to recover amounts past due on an open account. Space reconvened *1218 against Devoe[1] alleging that Devoe employees had conspired with Dow Chemical Company employees in activities involving “mail fraud, a series of fraudulent conceal-ments and misrepresentations and extortion ... designed to deprive Space and others of their rights to income, business and property.” Based on these alleged activities, Space seeks to recover damages for intentional infliction of harm, breach of contract, fraud and unfair trade practices under state law. Space also seeks to recover treble damages under 18 U.S.C. § 1964(c), claiming that Devoe and Dow’s activities constitutes a “pattern of racketeering activity” in violation of 18 U.S.C. § 1341 (relating to mail fraud), violation of 18 U.S.C. § 1951 (relating to interference with commerce by robbery or extortion), and violation of 18 U.S.C. § 1952 (relating to racketeering) and La.R.S. 14:66 (relating to extortion).
By a declinatory exception, plaintiff objected to the court’s lack of jurisdiction over the subject matter of the action. The trial court granted this exception. We reverse.
Whether jurisdiction over civil RICO claims is exclusively federal or shared with the states has been widely disputed in many state and federal courts with different results. The United States Supreme Court has recently granted certiorari to resolve the conflict between the federal courts of appeals on this issue.[2] See, Tafflin v. Levitt, 865 F.2d 595 (4th Cir.1989) (concurrent jurisdiction over, civil RICO claims), cert. granted, — U.S. -, 109 S.Ct. 2428, 104 L.Ed.2d 985 (1989).
Our analysis must begin with the presumption that state courts have subject matter jurisdiction over cases arising under federal laws. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). This well-established presumption of concurrent jurisdiction can be rebutted “by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.” Gulf Offshore, 453 U.S. at 478, 101 S.Ct. at 2875. After considering each basis, we find that the presumption in favor of concurrent jurisdiction of civil RICO claims has not been rebutted.
A review of the civil RICO statute establishes that it does not contain an explicit statutory directive mandating exclusive federal jurisdiction. The statute merely provides that “[a]ny person injured in his business or property by reason of a violation of section 1962 ... may sue therefor in any appropriate United States district court_” 18 U.S.C. § 1964(c). Although this section grants jurisdiction to the federal court, “the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action.” Gulf Offshore, 453 U.S. at 479, 101 S.Ct. at 2875-76.
Furthermore, we find no unmistakable implication from the legislative history of RICO that mandates a conclusion that federal courts have exclusive jurisdiction over RICO claims. The legislative history of this statute indicates that the subject of jurisdiction over private civil RICO actions was never discussed. Lou v. Belzberg, 834 F.2d 730, 736 (9th Cir.1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). The principal draftsman of RICO, *1219 Professor G. Robert Blakey has commented that “[t]here is nothing on the face of the statute or in the legislative history [concerning concurrent jurisdiction]. To my knowledge, no one even thought of the issue.” See, Flaherty, Two States Lay Claim to RICO, Nat’l Law.J., May 7, 1984, at 10, col. 2. Thus, the legislative history of this statute establishes only congressional inattention to the matter of concurrent jurisdiction.
However, proponents of exclusive jurisdiction argue that the patterning of RICO’s Section 1964(c) on Section 4 of the Clayton Act, which has been judicially construed to require exclusive federal jurisdiction, raises the implication of congressional intent to confer exclusive jurisdiction in the federal courts. See Chivas Products Ltd. v. Owen, 864 F.2d 1280, 1284 (6th Cir.1988).
Again, we fail to find that an unmistakable implication of exclusive federal jurisdiction arises simply because Congress borrowed certain language from section 4 of the Clayton Act. As the court in Village at Camelback Property Owners Ass’n Inc. v. Carr, 371 Pa.Super. 452, 538 A.2d 528, alloc. granted, 519 Pa. 668, 548 A.2d 257 (1988), reasoned:
The legislative history of RICO tells us only that Congress borrowed this language in order to express the availability of a private RICO right of action. Simply because the section that was borrowed from the Clayton Act also addresses the jurisdiction of federal courts over Clayton Act suits and has been interpreted to vest such jurisdiction exclusively in federal courts does not mandate the same conclusion as to RICO. Moreover, our conclusion is further buttressed by the Supreme Court’s recent rejection of the same analogy to the Clayton Act in the context of defining the “injury” requirement in RICO. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 485, 105 S.Ct. 3275, 3279, 87 L.Ed.2d 346 (1985); Lou v. Belzberg, supra, 538 A.2d at 539.
Lastly, the presumption of concurrent jurisdiction can also be rebutted if there is a clear incompatibility between state court adjudication and the federal interests intended to be advanced by the enactment of RICO. The Gulf Offshore court set forth “[t]he factors generally recommending exclusive federal-court jurisdiction over an area of federal law”:
1.) the desirability of uniform interpretation,
2.) the expertise of federal judges in federal law, and
3.) the assumed greater hospitality of federal courts to peculiarly federal claims.
453 U.S. at pp. 483-484, 101 S.Ct. at p. 2878.
We do not find these factors require a finding of exclusive federal jurisdiction over federal civil RICO claims.
Supporters of exclusive jurisdiction argue that exclusive jurisdiction of RICO claims is necessitated by the interstate character of RICO and the risk of inconsistent decisions. Although uniformity in the application of federal law is a desirable goal, the need for uniformity is not a sufficient basis for state courts to forego jurisdiction of RICO claims. In Village at Camelback, the court focused its inquiry on whether RICO presents a “real possibility of inconsistency in interpretation that will be exacerbated by state court adjuciation of RICO claims”:
We recognize, as have other courts considering this question, that several of RICO’s provisions are somewhat vague. See, e.g., Brandenburg, 660 F.Supp. at 732 (“pattern of racketeering” is not yet clearly defined); Cianci, 40 Cal.3d at 915, 221 Cal.Rptr. at 580, 710 P.2d at 381 (same). However, we are also aware that at the present time, the situation has been greatly ameliorated by continuing United States Supreme Court clarification of RICO’s requirements. Moreover, the Court will continue in future to clarify inconsistencies in interpretation by state courts by reviewing those state court decisions it finds worthy of certio-rari. Brandenburg, 660 F.Supp. at 733. In any event, based upon the already extant familiarity of our courts with the substantive issues that arise in most civil RICO cases, ... we see little risk of aberrant decision making by our courts *1220 in dealing with RICO claims. 538 A.2d at 540.
Given the fact that inconsistent interpretations of RICO also arise out of the federal appellate courts, we do not think the factor of inconsistent state court determinations is sufficient to rebut the strong presumption in favor of concurrent jurisdiction.
Next, we consider expertise of federal judges in federal law. The strongest argument in favor of exclusive federal jurisdiction over civil RICO matter is that many of the predicate offenses implicit to RICO come within the exclusive jurisdiction of federal courts, (i.e. federal criminal violations). However, we emphasize that RICO’s predicate offenses also include violations of state criminal law. Although federal judges presumably have greater expertise in interpreting federal criminal violations, state judges likewise have greater expertise in interpreting state criminal violations. On balance, we do not find that federal judges necessarily possess greater expertise than state judges in RICO civil matters. See, Cianci v. Superior Court, 40 Cal.3d 903, 221 Cal.Rptr. 575, 710 P.2d 375 (1985).
In Chivas Products, Ltd., 864 F.2d at 1289, Judge Krupansky in his dissenting opinion noted that most of the federal predicate offenses are “only nominally federal”:
“... RICO lets civil plaintiffs sue in federal court for treble damages based on conduct that historically has been within the exclusive jurisdiction of state courts under common law principles of tort or contract law”. Cole & McNamara, 12 Litig. 24, 25 (Spring, 1986). “If anything, RICO involves federal courts in the adjudication of state law claims rather than the other way around. Lou, 834 F.2d at 738.”
Finally, since RICO predicate offenses include violations of state criminal law, as well as federal predicate offenses that are deeply embedded in state law, state judges are likely to be hospitable to civil RICO claims.
The fundamental policy underlying RICO is the elimination of crime in the marketplace. This goal is shared by both state and federal governments. Concurrent jurisdiction of civil RICO claims will promote the nationwide enforcement of RICO by offering civil RICO plaintiffs the choice of a federal or state forum. Lou, 834 F.2d at 738-739.
Accordingly, we hold that jurisdiction over claims brought under Section 1964(c) of RICO is concurrent. The judgment of the district court granting Devoe’s declina-tory exception of lack of subject matter jurisdiction is reversed. Costs of this appeal are to be paid by Devoe.
REVERSED AND REMANDED.

. Space also named Dow Chemical Company and an employee of Dow as third-party defendants.

. "The Fourth and Ninth Circuits have held that there is concurrent jurisdiction. See Brandenburg v. Seidel, 859 F.2d 1179, 1193-95 (4th Cir.1988); Lou v. Belzberg, 834 F.2d 730, 738-39 (9th Cir.1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988). The Fifth and Seventh Circuits have expressed doubt that jurisdiction over civil RICO claims is exclusively federal. See Crotty v. City of Chicago Heights, 857 F.2d 1170, 1172 n. 6 (7th Cir.1988); DuBroff v. DuBroff, 833 F.2d 557, 562 (5th Cir.1987); County of Cook v. Midcon Corp., 773 F.2d 892, 905 n. 4 (7th Cir.1985). Only the Sixth Circuit has held that there is exclusive federal jurisdiction under civil RICO. See Chivas Products Ltd. v. Owen, 864 F.2d 1280, 1286 (6th Cir.1988).” McCarter v. Mitcham, 883 F.2d 196, 200-201 (3d Cir.1989).
Additionally, we note that there is no Louisiana state court jurisprudence addressing this issue.